```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

|  |  |
|---|---|
| FRED S. LEHMANN, | : |
|  | : Civil Action No. 13-4921 (RMB) |
| Plaintiff, | : |
| v. | : |
| SSCF, et al., | : **MEMORANDUM OPINION** |
|  | : **AND ORDER** |
| Defendants. | : |

This matter comes before the Court upon Plaintiff's submission of his incomplete application to proceed in this matter in forma pauperis. See Docket Entry No. 4. This Court's prior order already denied Plaintiff in forma pauperis status without prejudice (in light of his failure to submit a complete in forma pauperis application) and detailed to him the statutory requirements. See Docket Entries Nos. 1 to 3.

Plaintiff is a "recreational litigant." Tucker v. Ann Klein Forensic Ctr. Hosp., 2014 U.S. Dist. LEXIS 55314, at *1 (D.N.J. Apr. 22, 2014) (quoting Marrakush Soc. v. New Jersey State Police, 2009 U.S. Dist. LEXIS 68057 (D.N.J. July 30, 2009), for the definition of "recreational litigant" as "the one who engages in litigation as sport and files numerous submissions with little regard for substantive law or court rules" and relying on Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995), for the observation that, "when confronted with a recreational litigant, courts, to protect themselves and

other litigants, have enjoined the filing of further case without leave of court") (brackets omitted).  Plaintiff was confined during the periods from May 2006 to October 2007, January to August 2010, and April 2011 to November 2013.  See Lehmann v. Atlantic County Prosecutors Office, Civil Action No. 07-4837; https://www6.state.nj.us/DOC_Inmate/details?x=1352864&n=0. During these periods, he commenced eleven civil actions.  See Lehmann v. Atlantic County Prosecutors Office, Civil Action No. 07-5263; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 07-5964; Lehmann v. Knitock Group, Civil Action No. 11-3783; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 11-7605; Lehmann v. Southern State Corr. Facility, Civil Action No. 12-2956; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 12-4433; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 13-3782; Lehmann v. Northern State Prison, Civil Action No. 13-3790; Lehmann v. Southern State Corr. Facility, Civil Action No. 13-4921; and Lehmann and Whitlock v. NJDOC, Civil Action No. 13-3530.  In all these actions, he submitted his affidavit of poverty without his prison account statement and, being denied in forma pauperis status, abandoned his litigation efforts.

   Plaintiff was released from his latest custody on November 2, 2013, see https://www6.state.nj.us/DOC_Inmate/details?x= 1352864&n=0, but did not notify this Court about his change in address.  See L. Civ. R. 10.1(a) ("unrepresented parties must

advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change . . . [f]ailure to file a notice of address change may result in the imposition of sanctions by the Court").

In light of Plaintiff's failure to provide this Court with his six-month account statement - regardless of being informed of that requirement nine times (in his nine previous cases) - this Court will deny Plaintiff in forma pauperis status.  Moreover, in light of Plaintiff's release from confinement and his failure to inform of his change in address, his complaint will be deemed withdrawn.  See McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (the court may sanction a litigant "when [that] litigant's conduct makes adjudication impossible" and dismissal for failure to provide an accurate address is appropriate because the district court "had little choice as to how to proceed" and "an order imposing [lesser] sanctions would only find itself taking a round trip tour through the United States mail") (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)); Kitchen v. Essex County Corr. Facility, 2013 U.S. Dist. LEXIS 101397 (D.N.J. July 18, 2013) (the range of sanctions includes both administrative termination and conclusive closure).

IT IS, therefore, on this **2nd** day of **June 2014**,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis is denied; and it is further

**ORDERED** that Plaintiff's complaint, Docket Entry No. 1, is deemed withdrawn; and it is finally

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED."

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**